**Commercial Tenant Servs., Inc. v Building Serv. 32BJ Health Fund**

2026 NY Slip Op 30652(U)

February 20, 2026

Supreme Court, New York County

Docket Number: Index No. 653371/2019

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. JUDY H. KIM**                    PART                    04

*Justice*

-------------------------------------------------------------------------X

COMMERCIAL TENANT SERVICES, INC.,                    INDEX NO.                653371/2019

Plaintiff,                                           MOTION DATE              12/01/2025

- v -                                                MOTION SEQ. NO.          006

BUILDING SERVICE 32BJ HEALTH FUND,                   **DECISION + ORDER ON**
                                                     **MOTION**
Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 006) 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262

were read on this motion to/for                    PRECLUDE                    .


Upon the foregoing documents, defendant's motions in limine are denied.

In advance of the trial of this matter, defendant moves to preclude plaintiff from: (1) "proving damages through the testimony of Bart McDade"; (2) offering evidence related to plaintiff's damages "on any claim outside of the events of the conversion to a condominium"; (3) offering evidence of damages beyond the amount sought in plaintiff's Amended Complaint; and (5) submitting the deposition testimony of Adam Ashcroft into evidence on its case in chief. Defendant also seeks declarations from this Court that: (1) "all ambiguities in the [parties'] Agreement are to be read in a manner most favorable to" defendant; and (2) paragraph 9 of the parties' agreement either does not contemplate compound interest or is ambiguous on this issue or is invalid as usurious.

**653371/2019   COMMERCIAL TENANT SERVICES, vs. SEIU, LOCAL 32BJ**                    **Page 1 of 4**
**Motion No.  006**

1 of 4

[* 1]

Defendant's motions are addressed as follows:

Defendant's motion to preclude the testimony of Bart McDade, the Vice President and Director of Operations of defendant's managing agent, Newmark Grubb Knight Frank, is denied. The cases cited by defendant for the proposition that McDade, as defendant's authorized agent, does not have authority to testify—*Wen Kroy Realty Co. v Public National Bank & Trust Company of New York*, 260 NY 84, 89 (1932) and *Bay Shore Union Free School District*, 2024 NY Misc LEXIS 52089 (Sup Ct, Suffolk County, 2024)—are inapposite. Defendant argues that opinion evidence as to liability cannot be offered by an individual, like McDade, who is "involved" in the lawsuit, but defendant's liability has already been established.

Defendant's motion to preclude plaintiff from offering evidence of damages outside of amounts defendant saved in purchasing the condominium it had been leasing is denied. Plaintiff misconstrues the Appellate Division, First Department's decision, which noted that "plaintiff is entitled to a commission based on any savings or recoupments realized by defendant during the relevant period that constitute a "Refund[ ]" within the scope of the 2013 agreement's definition of that term …" and remanded this matter "for further proceedings to determine the amount of the recovery to which plaintiff is entitled" (*Commercial Tenant Services, Inc. v Bldg. Serv. 32BJ Health Fund*, 217 AD3d 446, 448-449 [1st Dept 2023]). The First Department's statements that the commissions to which plaintiff is entitled included "any savings defendant realized as a result of its purchase of the condominium during the period specified in paragraph 4 of the 2013 agreement" (*Commercial Tenant Services, Inc. v Bldg. Serv. 32BJ Health Fund*, 217 AD3d 446, 449 [1st Dept 2023]) but that these amounts could not be calculated on the record before it, do not support defendant's argument that the remand was confined to the calculation of defendant's savings from its purchase of the condominium.

**653371/2019   COMMERCIAL TENANT SERVICES, vs. SEIU, LOCAL 32BJ**
  **Motion No.  006**

**Page 2 of 4**

2 of 4

[* 2]

Defendant's motion to preclude plaintiff from submitting the deposition testimony of Adam Ashcroft into evidence on its case-in-chief is denied as moot. In opposition, plaintiff represents that it will only use deposition testimony for cross-examination and rebuttal should the need arise.

The remainder of defendant's motions are not proper subjects of a motion in limine, "which is simply a request for an advance ruling on matters of evidence" (*Passionist Communications, Inc. v Arnold*, 23 Misc 3d 1130(A) [Sup Ct, Westchester County 2009]). The Court nevertheless addresses these requests in the interest of judicial economy. Defendant's motion to limit plaintiff's recovery to, at most, the amount demanded in its amended complaint is denied. As plaintiff now seeks a greater sum based upon discovery defendant produced after the First Department's remand, no prejudice to defendant results from plaintiff conforming its pleadings to the proof at trial (CPLR 3025). Unlike the cases cited by defendant, plaintiff has not sought to assert a new cause of action at this late date (*see Ofman v Bluestone*, 227 AD3d 822 [2d Dept 2024]; *Glaubach v Slifkin*, 198 AD3d 623 [2d Dept 2021]).

Defendant's motion for a declaration that "all ambiguities in the Agreement are to be read in a manner most favorable to the Fund" is denied. There are no contractual ambiguities to be resolved at this juncture; the question to be decided at trial are the total of the "savings or recoupments realized by defendant during the relevant period that constitute a "Refund [ ]" within the scope of the 2013 agreement's definition of that term" (*Commercial Tenant Services, Inc. v Bldg. Serv. 32BJ Health Fund*, 217 AD3d 446, 448 [1st Dept 2023]).

Finally, defendant's motion for a declaration that paragraph 9 of the Agreement does not contemplate compound interest is denied. Defendant's interpretation of this provision is belied by

**653371/2019   COMMERCIAL TENANT SERVICES, vs. SEIU, LOCAL 32BJ**   **Page 3 of 4**
  **Motion No.  006**

3 of 4

[* 3]

the plain language of that paragraph (*see Verizon New York Inc. v. Choice Communications of*

*N.Y.*, 2010 NY Slip Op 33156(U) [Sup Ct, NY County 2010]).

Accordingly, it is

**ORDERED** that defendant's motion to preclude is denied in its entirety.

This constitutes the decision and order of the Court.

|  |  |
|---|---|
| **2/20/2026** | |
| **DATE** | **HON. JUDY H. KIM, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**653371/2019   COMMERCIAL TENANT SERVICES, vs. SEIU, LOCAL 32BJ**
**Motion No.  006**

**Page 4 of 4**

4 of 4

[* 4]